

**UNITED STATES FEDERAL DISTRICT COURT
for the NORTHERN DISTRICT of ILLINOIS
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604**

1:24-cv-08235
Judge Martha M. Pacold
Magistrate Judge Sheila M. Finnegan
RANDOM CAT 5

RE: Case No: 2022 D5 30192

Brandie Edwards
Plaintiff (s)


V.


List Their Names
Defendant (s)
Circuit Court of Cook County

**ORIGINAL ACTION COMPLAINT TO
PETITION FOR A
WRIT OF CERTIORARI BY RIGHT TO
REVIEW THE RECORD FOR FRAUD
AND VIOLATION OF DUE PROCESS
AND CIVIL RIGHTS AND
DECLATORY JUDGMENT**

**RECEIVED**

ev SEP 10 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## INTRODUCTION

This Writ of Certiorari is respectfully submitted pursuant to the authority granted by the All-Writs Act, 28 U.S.C. § 1651(a). This Act empowers the Supreme Court, and all courts established by Act of Congress, to issue writs necessary or appropriate in aid of their respective jurisdictions and in harmony with established legal norms and principles. The constitutional foundation of the All-Writs Act is rooted in Article III of the United States Constitution, which delineates the judicial power of the United States.

This petition arises from a series of due process violations and statutory breaches in the family court proceedings involving the petitioner, Brandie Edwards, and the respondent, Barry Edwards. The petitioner seeks review of the lower court's decisions, which include the premature appointment of a Guardian ad Litem (GAL), Danielle Vlcek without proper notification, the denial of ADA accommodations, and the biased conduct of the Guardian ad Litem (GAL), Danielle Vlcek during the proceedings.

The petitioner, a survivor of domestic abuse, filed for divorce in April 2022, seeking 50/50 shared custody of her children. Despite presenting substantial evidence of domestic abuse, including medical records and police reports, the lower court vacated an Emergency Protection Order (EOP) without prior notice and denied the petitioner the opportunity to present her evidence. The court also failed to enforce orders related to therapy and reunification efforts, allowing the respondent to violate these orders without consequence.

On August 6, 2024, the Guardian ad Litem (GAL), Danielle Vlcek exhibited unprofessional behavior by ranting about her workload, expressing anger about appearing in court on her off day, and attacking the petitioner's character. Specifically, the Guardian ad Litem (GAL), Danielle Vlcek complained about working a long day, not being paid, and being annoyed about having to appear in court. She also made derogatory comments about the petitioner hiring multiple attorneys. These actions violated the Guardian ad Litem (GAL), Danielle Vlcek's duty to act impartially and in the best interests of the children, as required by 750 ILCS 5/506 and the Illinois Rules of Professional Conduct.

The petitioner's case raises significant questions of federal law, including violations of due



process under the Fourteenth Amendment and compliance with the Americans with Disabilities Act (ADA). The petitioner respectfully requests that this Court grant the writ of certiorari to address these critical issues and ensure justice is served.

## PARTIES

PETITIONER, Brandie-Nicole: Edwards, is the PETITIONER in case, In the Interest of (Minor Children) Brielle Edwards, Barry Edwards III, Case No. 2022 D5 30192 a suit affecting parent child relationship action in the District Court of Cook County. PETITIONER in Case No. 2022 D5B30192 is the mother of the children the subject of this suit. Respondent is Judge and Guardian Ad Litem. PETITIONER has standing to bring this suit in that she is the mother of the Children.

RESPONDENT: Judge Bernadette Barrett

RESPONDENT: Guardian Ad Litem, Danielle Vlcek

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This petition invokes the Court's authority to review and remedy violations of the federal constitutional and statutory rights.

The judgments of the Circuit Court of Cook County were entered on July 20, 2023 and August 14, 2023. The jurisdiction of this Court is invoked under 28 U.S.C. § 1257(a), which provides for the review of final judgments or decrees rendered by the highest court of a state in which a decision could be had, where the validity of a treaty or statute of the United States is drawn in question, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the statutes of, or any commission held or authority exercised under, the United States.

This petition also invokes the jurisdiction of this Court under 28 U.S.C. § 1254(1), which allows for the review of cases from the United States courts of appeals. The petitioner asserts that the lower court's decision involves significant questions of federal law, including violations of due process under the Fourteenth Amendment and compliance with the Americans with Disabilities Act (ADA).

The petitioner contends that the lower court's actions, including the premature appointment of a Guardian ad Litem, Danielle Vlcek without proper notification and the denial of ADA accommodations, raise substantial federal questions that warrant this Court's review. The petitioner further argues that the Guardian ad Litem (GAL), Danielle Vlcek's conduct during the proceedings, including unprofessional behavior and bias, violated statutory and constitutional provisions designed to ensure fair and impartial treatment in family court cases.

On August 6, 2024, in the Circuit Court of Cook County, the petitioner's attorney failed to appear. The petitioner requested a continuance, which was denied by the judge. The judge proceeded to order the petitioner to register her children in a school district they did not reside in, pay all attorney fees for her husband and the GAL, and threatened jail time for non-compliance.

## OPINIONS BELOW

The opinion of the Circuit Court of Cook County is unpublished and is included. The judgment of the Circuit Court of Cook County was entered on July 20, 2023. The court's decision involved several key actions and omissions:

1. Premature Appointment of Guardian ad Litem, Danielle Vlcek: On July 13, 2023, the court appointed a Guardian ad Litem (GAL), Danielle Vlcek without notifying the petitioner and without any immediate or evident need, as the initial hearing was not scheduled until July 20, 2023. This appointment was made without considering other methods of obtaining information, as required by 750 ILCS 5/506.

2. Vacating of Emergency Protection Order (EOP): During the July 20, 2023, hearing, the court vacated the EOP without prior notice to the petitioner and without allowing her to present evidence of domestic violence. The petitioner was muted during the proceedings, denying her the opportunity to be heard.

3. Denial of ADA Accommodations: The court did not provide the necessary ADA accommodations, hindering the petitioner's ability to participate fully in the proceedings.

4. Custody and Parenting Schedule: The court rejected all suggestions for a conducive parenting schedule and allowed the Guardian ad Litem (GAL), Danielle Vlcek to suggest a schedule that was detrimental to the children's best interests. The schedule implemented was a 2/2 week on/off arrangement, which was not conducive to the children's stability and school routine.

5. Bias and Unfair Treatment: The court demonstrated bias by accepting false statements from the father without allowing the petitioner to refute them. The Guardian ad Litem (GAL), Danielle Vlcek and the judge did not consider the petitioner's evidence, including medical records, police reports, and witness affidavits.

6. Revocation of Parenting Rights: On August 14, 2023, the court revoked the petitioner's parenting rights entirely based on the Guardian ad Litem (GAL), Danielle Vlcek's recommendations, without proper investigation or consideration of the petitioner's evidence.

7. Failure to Enforce Court Orders: The court failed to enforce orders related to therapy and reunification efforts, allowing the father to violate these orders without consequence.

8. Guardian ad Litem (GAL), Danielle Vlcek's Conduct: The GAL demonstrated bias and lack of impartiality by having prior conversations with the father before the initial hearing, failing to investigate and present evidence of domestic violence, and making false inferences about the petitioner's sobriety and the father's role in domestic violence.

9. The Guardian ad Litem (GAL), Danielle Vlcek was questioned by Attorney Juneitha Shambee, whether she investigated why the children missed 20% of school attendance days and why they had failing grades, and the Guardian Ad Litem, Danielle Vlcek stated "NO". The Guardian Ad Litem also acknowledged that Mrs. Edwards made her aware of her concern's regarding her children's truancy, failing grades, and falling asleep in school. This failure to investigate is a violation of her duties as a GAL, as outlined in 750 ILCS 5/506 and supported by case law such as In re W.L.H., which emphasizes the GAL's role in thoroughly investigating and representing the best interests of the child. Additionally, in Isaacson v. Isaacson, 348 N.J. Super. 560, 574 (App. Div.), certif. Denied, 174 N.J. 364 (2002), the court held that a GAL must act as an independent fact finder and investigator to determine what furthers the vest interests of the child(ren). Similarly, in In re Marriage of Bates, 212 Ill. 2d 489 (2004), the Illinois Supreme Court emphasized the importance of a GAL's thorough investigation in custody matters.

These actions and omissions by the lower court raise significant concerns about due process, statutory compliance, and the best interests of the children.

### Errors in the Lower Court's Decision:

- Due Process Violations:
  - **Lassiter v. Department of Social Services**, 452 U.S. 18 (1981): The Supreme Court held that parents have a due process right to a fundamentally fair procedure, which may require the appointment of counsel1.
  - **Santosky v. Kramer**, 455 U.S. 745 (1982): The Court emphasized the need for fundamentally fair procedures in cases involving the termination of parental rights.
  - **Troxel v. Granville**, 530 U.S. 57 (2000): The Court recognized that parents have a fundamental right to make decisions concerning the care, custody, and control of their children, protected under the Due Process Clause of the Fourteenth Amendment.
- Denial of Continuance and Right to Counsel:
  - The denial of a continuance violated the petitioner's Sixth Amendment right to effective legal representation. This is supported by Gideon v. Wainwright (1963) and Powell v. Alabama (1932).
- Forced School Registration:

proper hearing violated the petitioner's due process rights under the Fourteenth Amendment. Relevant case law includes Plyler v. Doe (1982) and West Virginia State Board of Education v. Barnette (1943).

- Payment of Attorney Fees:
  - Ordering the petitioner to pay all attorney fees without considering her financial situation violated the Equal Protection Clause of the Fourteenth Amendment. This is supported by Griffin v. Illinois (1956).

- Threat of Jail Time:
  - The threat of jail time for non-compliance with an unreasonable order constitutes coercion and abuse of judicial power, as highlighted in Ex parte Young (1908).

Conflicts with Other Court Decisions:
- **Inconsistent Application of Custody Laws:**
  - **Stanley v. Illinois**, 405 U.S. 645 (1972): The Court held that parents cannot be deprived of custody without due process, emphasizing the need for fair procedures.
- **Failure to Enforce Court Orders:**
  - **Hicks v. Feiock**, 485 U.S. 624 (1988): The Court ruled that due process forbids a court from employing certain presumptions that affect the determination of guilt or innocence, highlighting the importance of fair enforcement of court orders.

Important Questions of Law:
- **Parental Rights and Due Process:**
  - **Meyer v. Nebraska**, 262 U.S. 390 (1923): The Court recognized the fundamental right of parents to direct the upbringing and education of their children, protected under the Due Process Clause.
- **ADA Compliance in Family Court:**
  - **Tennessee v. Lane**, 541 U.S. 509 (2004): The Court held that Title II of the ADA applies to state courts, requiring them to provide reasonable accommodations to individuals with disabilities.
- **Role and Conduct of GALs:**
  - **Morgan v. Getter**, 441 S.W.3d 94 (Ky. 2014): The Kentucky Supreme Court addressed the ethical standards and accountability of GALs, emphasizing the need for impartiality and proper conduct.
  - **Isaacson v. Isaacson**, 348 N.J. Super. 560, 574 (App. Div.), certif. Denied, 174 N.J. 364 (2002), the court held that a GAL must act as an independent fact finder and investigator to determine what furthers the vest interests of the child(ren).
  - **Marriage of Bates**, 212 Ill. 2d 489 (2004), the Illinois Supreme Court emphasized the importance of a GAL's thorough investigation in custody matters.

**Constitutional Provisions**
1. Fourteenth Amendment - Due Process Clause:
   - **Lassiter v. Department of Social Services**, 452 U.S. 18 (1981): This case emphasizes the right to a fundamentally fair procedure, which may include the appointment of counsel in certain cases.
   - **Santosky v. Kramer**, 455 U.S. 745 (1982): This case highlights the need for fundamentally fair procedures in cases involving the termination of parental rights.
   - **Troxel v. Granville**, 530 U.S. 57 (2000): This case recognizes the fundamental right of parents to make decisions concerning the care, custody, and control of their children.
2. Americans with Disabilities Act (ADA):
   - **Tennessee v. Lane**, 541 U.S. 509 (2004): This case holds that Title II of the ADA

applies to state courts, requiring them to provide reasonable accommodations to individuals with disabilities.

## Statutory Provisions

1. Illinois Domestic Violence Act:
   - This act provides protections for victims of domestic violence, including the issuance of emergency protection orders and other relief measures.
2. Illinois Marriage and Dissolution of Marriage Act:
   - This act governs divorce proceedings, including custody arrangements and the appointment of a Guardian ad Litem (GAL).
3. Illinois School Code (105 ILCS):
   - This code includes provisions related to school residency requirements and the registration of children in school districts.
4. Federal Child Abuse Prevention and Treatment Act (CAPTA):
   - This act provides federal funding to states in support of prevention, assessment, investigation, prosecution, and treatment activities related to child abuse and neglect.

## Illinois Law on the Appointment of a GAL

Under Illinois law, specifically 750 ILCS 5/506, the court may appoint a GAL in any proceedings involving the support, custody, visitation, allocation of parental responsibilities, education, parentage, or general welfare of a minor or dependent child. The statute states: *"The court shall consider the nature and adequacy of the evidence to be presented by the parties and the availability of other methods of obtaining information, including social service organizations and evaluations by mental health professionals, before appointing a GAL."*

## Premature Appointment of a GAL

The GAL was appointed on July 13, 2023, before the initial hearing on July 20, 2023, and without your notification. This raises concerns about whether the appointment was premature and whether it violated my due process rights.

## REASONS FOR GRANTING THE PETITION

1. Due Process Violations:
   - The lower court's appointment of a GAL without notifying the petitioner violated my due process rights under the Fourteenth Amendment, as established in **Lassiter v. Department of Social Services**, 452 U.S. 18 (1981), and **Santosky v. Kramer**, 455 U.S. 745 (1982).
   - The premature appointment of the GAL before the initial hearing deprived the petitioner of a fair opportunity to contest the appointment, contrary to the principles of due process.
2. Statutory Violations:
   - The court failed to comply with **750 ILCS 5/506**, which requires consideration of the nature and adequacy of the evidence and the availability of other methods of obtaining information before appointing a GAL. The premature appointment without these considerations constitutes a statutory violation.

## Right to Equal Protection Under the Law

The Fourteenth Amendment to the United States Constitution guarantees that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This fundamental right ensures that all individuals are treated equally under the law and that no person or group is subjected to discrimination.

In the present case, the petitioner's right to equal protection under the law was violated in several ways:

1. Premature Appointment of Guardian ad Litem (GAL):
   - The court appointed a GAL without notifying the petitioner and without any immediate or evident need, as the initial hearing was not scheduled until July 20, 2023. This premature appointment deprived the petitioner of the opportunity to contest the appointment and participate equally in the proceedings, violating her

2. Denial of ADA Accommodations:
   - The court failed to provide necessary ADA accommodations, hindering the petitioner's ability to participate fully in the proceedings. This denial of accommodations discriminated against the petitioner based on her disability, violating her right to equal protection under the Americans with Disabilities Act (ADA) and the Fourteenth Amendment.

3. Bias and Unfair Treatment by the GAL:
   - The GAL demonstrated bias and lack of impartiality by having prior conversations with the father before the initial hearing, failing to investigate and present evidence of domestic violence, and making false inferences about the petitioner's sobriety and the father's role in domestic violence. This biased conduct deprived the petitioner of a fair and equal opportunity to present her case, violating her right to equal protection.

4. Failure to Investigate:
   - On August 9, 2024, when the GAL was questioned if she investigated why the children missed 20% of school attendance days and if she investigated the children's failing grades, she stated "NO". This failure to investigate is a violation of her duties as a GAL, as outlined in **750 ILCS 5/506** and supported by case law such as **In re W.L.H.**, which emphasizes the GAL's role in thoroughly investigating and representing the best interests of the child. Additionally, in **Isaacson v. Isaacson**, 348 N.J. Super. 560 (App. Div. 2002), the court held that a GAL must act as an independent fact-finder and investigator to determine what furthers the best interests of the child. Similarly, in **In re Marriage of Bates**, 212 Ill. 2d 489 (2004), the Illinois Supreme Court emphasized the importance of a GAL's thorough investigation.

These actions and omissions by the lower court and the GAL resulted in discriminatory treatment and denied the petitioner her right to equal protection under the law. The petitioner respectfully requests that this Court grant the writ of certiorari to address these critical issues and ensure justice is served.

### Violation of Fundamental Rights

The fraudulent non legal proceedings in this case have failed to uphold the constitutional guarantees afforded to the minor child, such as the right to a fair hearing(s) and equal protection under the law.

### Deprivation of Liberty:

Respondent(s) actions have resulted in the unreasonable deprivation of the minor child right to be in the care of his father.

### Abuse of Process:

The Respondents(s) have abused the legal process by fraudulently presenting a non-legal private administrative action as legal litigation.

### Legal Violations

750 ILCS 5/506 - Illinois Marriage and Dissolution of Marriage Act:

a. The GAL's conduct violated her duty to act impartially and in the best interests of the children, as required by this statute.

### Illinois Rules of Professional Conduct:

Rule 8.4: Misconduct - The GAL's behavior was prejudicial to the administration of justice.
Rule 2.1: Advisor - The GAL failed to exercise independent professional judgment and render candid advice without bias.

### Opinion

The actions of the GAL constitute Intentional Infliction of Emotional Distress, as they meet the elements of the tort and violate both statutory and professional conduct rules. The petitioner respectfully requests that this Court grant the writ of certiorari to address

See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. 468 U.S. 837 (1984)

See Loper Bright Enterprises v. Raimondo 22-451, 45F. 4th 359 & No. 22-1219 62F 4th 621

See Section 706 of the Administrative Procedure Act

Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976). These factors are:
(A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the individuals seeking custody; (E) the programs available to assist these individuals to promote the best interest of the child; (F) the plans for the child by these individuals or the agency seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent.

## Loss of Jurisdiction

If a judge issues an order in their administrative capacity and not as a judge, they overstep their bounds. This action can be deemed an ultra vires act (beyond their legal power), leading to a loss of jurisdiction.
A judge who does not follow procedural requirements for issuing orders acts beyond their authorized power. Such procedural impropriety can be challenged, and higher courts may determine that the judge lost jurisdiction by not adhering to necessary procedures.

## Abuse of Process

The defendant(s) have abused the legal process by enforcing an invalid court order to unjustly extort the PETITIONER, Brandie Edwards causing harm and violating procedural rules.

## Intentional Infliction of Emotional Distress (IIED)

10. Outrageous and Extreme Conduct:
    - On August 6, 2024, the GAL exhibited unprofessional behavior by ranting about her workload, expressing anger about appearing in court on her off day, and attacking the petitioner's character. Specifically, the GAL complained about working a 14-hour day, not being paid, and being annoyed about having to appear in court. She also made derogatory comments about the petitioner hiring multiple attorneys. This conduct is considered outrageous and extreme as it goes beyond the bounds of decency expected of a court-appointed official.

11. Intent or Recklessness:
    - The GAL's actions were intentional or, at the very least, reckless. By expressing her frustration and making derogatory comments in a court setting, the GAL acted with reckless disregard for the emotional impact her behavior would have on the petitioner.

12. Severe Emotional Distress:

on her mental and emotional well-being. The GAL's conduct exacerbated the petitioner's distress, which was already heightened due to the ongoing custody battle and history of domestic abuse.

### Legal Violations

750 ILCS 5/506 - Illinois Marriage and Dissolution of Marriage Act:

* The GAL's conduct violated her duty to act impartially and in the best interests of the children, as required by this statute.

Illinois Rules of Professional Conduct:

* Rule 8.4: Misconduct - The GAL's behavior was prejudicial to the administration of justice.
* Rule 2.1: Advisor - The GAL failed to exercise independent professional judgment and render candid advice without bias.

### Opinion

The actions of the GAL, Danielle Vlcek constitute Intentional Infliction of Emotional Distress, as they meet the elements of the tort and violate both statutory and professional conduct rules. The GAL, Danielle Vlcek failure to conduct an investigation, proper or otherwise, lead to an unlawful and prolonged separation that inflicted significant emotional trauma. This further demonstrates the GAL, Danielle Vlcek blatant disregard for the children's well-being and the mother's rights. These actions have caused profound and lasting emotional suffering for Mrs. Brandie Edwards, making a claim for IIED both appropriate and necessary for legal redress.

The petitioner respectfully requests that this Court grant the writ of certiorari to address these critical issues and ensure justice is served.

### CHEVRON DEFERENCE

Given the U.S. Supreme Court's recent shift in Chevron Deference doctrine, this Court must independently assess the legality of the Respondents' actions without undue deference to their interpretations. The Court must ensure that the Respondents' actions are consistent with both statutory and constitutional mandates, particularly where fundamental rights are at stake.

### PRAYER FOR RELIEF

WHEREFORE, PETITIONER, Brandie Edwards, respectfully prays that this Court grant the following relief:

1. Review and Reverse the lower court's decision to prematurely appoint a Guardian ad Litem (GAL) without proper notification to the petitioner, in violation of due process rights under the Fourteenth Amendment.

2. Vacate the Orders issued by the lower court that were based on the GAL's biased and unprofessional conduct, including:

   i. The revocation of the petitioner's parenting rights.

   ii. The denial of ADA accommodations.

   iii. The child support order.

   iv. The order to pay attorney fees.

   v. The order to pay GAL fees.

   vi. The order to undergo a 215 mental evaluation.

   vii. The order to register the children in school.

3. Order a New Hearing with proper notification and the appointment of an impartial

GAL who will thoroughly investigate and represent the best interests of the children, as required by 750 ILCS 5/506 and relevant case law.

4. Mandate Compliance with the Americans with Disabilities Act (ADA) to ensure that the petitioner receives all necessary accommodations to participate fully in the proceedings.

5. Investigate and Address the GAL's failure to perform her duties, including her failure to investigate the children's living conditions, school attendance, and academic performance, as required by her role.

6. Ensure Equal Protection under the law by addressing the discriminatory treatment the petitioner faced, in violation of the Fourteenth Amendment.

7. Award Attorney's Fees and Costs incurred by the petitioner in bringing this action.

8. Grant Supervised Visitation rights to ensure the safety and well-being of the children during interactions with the father.

9. Order Therapeutic Interventions for the children to address any emotional or psychological harm they may have experienced.

10. Request an Independent Evaluation of the children's living conditions and well-being by a neutral third party.

11. Mandate Reunification Therapy to facilitate a healthy relationship between the petitioner and her children.

12. Reinstate or Issue Protective Orders to ensure the safety of the petitioner and her children.

13. Impose Sanctions Against the GAL for failing to perform her duties and for exhibiting biased and unprofessional conduct.

14. Request a Formal Review of the GAL's Conduct by the appropriate oversight body.

15. Ensure Educational Stability for the children by maintaining their current school enrollment or minimizing disruptions to their education.

16. Grant Such Other and Further Relief as this Court deems just and proper.

### Legal Basis for Vacating These Orders

Attorney Fees and GAL Fees:

The orders to pay attorney fees and GAL fees were issued based on flawed proceedings and biased conduct. In C.T. v. K.W., the court denied a request for fees when there was no conduct warranting such an award1.

215 Mental Evaluation:

The order for a mental evaluation was issued without sufficient evidence or due process. In Threshold for Ordering an Evaluation of Competency to Stand Trial, the court required sufficient evidence before ordering a competency evaluation2.

School Registration:

The order to register the children in school was issued without considering the best interests of the children and the practical implications. The failure to investigate the children's living conditions and school attendance further supports this challenge.

PURSUANT TO 28 USC 1331, PETITIONER REQUESTS DECLARATORY RELIEF AS THE STATE ADR LAW IS REPUGNANT TO THE CONSTITUTION AS IT MANDATES AN IRREVOCABLE WAIVER OF THE PARTIES RIGHTS TO DUE PROCESS, JUDICIAL SUPERVISION AND APPLICATION OF PUBLIC LAWS.

### PRAYER

PETITIONER, Brandie Edwards, prays that this motion in all things be granted, that the state declare on the record all necessary elements of required scrutiny before proceeding with any further infringement or burdening of fundamental rights, that the court affirmatively apply the procedural protections necessary to protect these rights, and that the court set the requested

Tinley Park, Illinois 60487, usa
Brandie4415@yahoo.com
773-841-6836

CERTIFICATE OF SERVICE

I, Brandie Edwards hereby certify that a true and correct copy of the foregoing Writ of Certiorari was served on the Respondent, by Method of Service-- Certified mail return receipt on Date:_____

Certified Mail #
Certified Mail #

VERIFICATION

State of Illinois )
)
County of Cook )

I, Brandie Edwards, being first duly sworn, hereby depose, state and solemnly swear to the following:
I am the PETITIONER in the within action and the PETITIONER in the matter of Brandie Edwards v. Barry Edwards Case No. **2022 D5 30192** in Cook County.

I adopt, fully restate, and incorporate all of the facts contained in the above Complaint for a Writ of Certiorari herein, and I solemnly swear that those facts are true, and accurate, based on my personal knowledge.

The facts and allegations contained therein are facts admissible in evidence and I am competent to testify to all matters stated herein.

In Good Faith
Without Prejudice ucc 1-308

By: *Brandie Edwards*

Brandie Edwards / Woman
17342 Cambridge Place
Tinley Park, Illinois 60487

17

Brandie Edwards/Woman
17342 Cambridge place
Tinley Park, Illinois 60487
773-841-6836
Brandie4415@yahoo.com

ACKNOWLEDGMENT

The use of a notary below is for identification only and not for entrance into any foreign jurisdiction.

Cook County       )
                       ) ss.

State of Illinois     )

On this _10_ day of Sept 2024, before me, the undersigned, a Notary Public in and for _Brandie Edwards_, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he/she has executed the same.

Signed: _____
Notary Name: _Matthew Wetzel_
My commission expires: _8/27/27_

```
Official Seal
MATTHEW WETZEL
Notary Public, State of Illinois
Commission No. 900395
My Commission Expires August 27, 2027
```

18